IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| DIANA ACOSTA *et al.*, § | |
| § | |
| Plaintiffs, § | |
| v. § | CIVIL NO. 2:14-CV-455 |
| § | |
| SUOMY S.R.L. *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

BE IT REMEMBERED, that on July 13, 2015, the Court considered Defendant Suomy Moto Sport, S.r.L.'s ("Suomy Moto Sport") Rule 12(b)(2) Amended Motion to Dismiss for Lack of Personal Jurisdiction.[1]  Dkt. No. 28.  After considering the motion, the attached affidavit and the record in this case, the Court grants the motion and dismisses Suomy Moto Sport for lack of personal jurisdiction.

### I. BACKGROUND

This case arises out of an alleged motorcycle accident.  Plaintiffs assert that, when the accident occurred, decedent Brian Barrera ("Barrera") was wearing a Suomy Airtrix motorcycle helmet.  Pls.' 1st Am. Pet. ¶ 4.3, Dkt. No. 1 Ex. 17. Plaintiffs filed this action against, inter alia, Suomy Moto Sport under a products-liability theory, alleging that "defects in the Suomy Airtrix helmet were a producing cause of the injuries and death to Brian Barrera."  *Id.* ¶ 4.6.

---

[1] Suomy Moto Sport filed its original motion to dismiss for lack of personal jurisdiction on February 10, 2015, Dkt. No. 27, and amended that motion three days later, Dkt. No. 28.  A comparison of those motions reveals only one difference: Suomy Moto Sport added the original, Italian-language affidavit of the notary public's certification on the last page of Alain Irawan's affidavit.  *Compare* Dkt. No. 27-2 at 3 *with* Dkt. No. 28-2 at 4.  The Court infers that this page was omitted due to clerical error and grants Suomy Moto Sport's implicit request for leave to amend its motion after its deadline to respond to Plaintiffs' complaint.  *See* Fed. R. Civ. P. 12(a)(1)(A)(i) (setting twenty-one-day deadline to respond to complaint); Certificate 1, Dkt. No. 32 (stating Plaintiff served Suomy Moto Sport on January 20, 2015); Fed. R. Civ. P. 6(b))(1)(B).(authorizing extension of deadline upon a finding of excusable neglect).

In their first amended petition ("the petition") filed in state court before this case was removed, Plaintiffs plead that "[t]he Court has personal jurisdiction over the Defendants because the Defendants engaged in intentional, continuous, and systematic contact within the State of Texas." *Id.* ¶ 2.1. Regarding Suomy Moto Sport, Plaintiffs assert that it is an Italian corporation with a home office in Italy. *Id.* ¶ 3.5. Finally, the petition states that "Suomy Moto Sport is doing business in the United States and the State of Texas by deliberately marketing and selling its consumer products here, including the motorcycle helmet in question." *Id.*

Suomy Moto Sport has filed a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), claiming that it has no contact with the State of Texas. Dkt. No. 28 ¶ 2. It supports its motion with the affidavit of Alain Irawan ("Irawan"), its managing director and chairman of its board. Dkt. No. 28-1. Plaintiffs did not respond to the instant motion, and their deadline to do so under Local Rule 7.3 of this Court has passed.

## II. LEGAL STANDARD

"When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident." *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985) (citations omitted). "[T]he standard of proof that must be satisfied depends on whether the district court conducted an evidentiary hearing before its consideration of jurisdictional issues." *Kwik-Kopy Corp v. Byers*, No. 01-20748, 2002 WL 1021889, at *2 (5th Cir. May 9, 2002) (unpublished). "'At this preliminary stage'—when the court has not held an evidentiary hearing—'the plaintiff need only make a *prima facie* showing of jurisdiction.'" *Baker Hughes, Inc. v. Homa*, No. H-11-3757, 2012 WL 1551727, at *10 (S.D. Tex. Apr. 30, 2012) (quoting *ITL Int'l, Inc. v. Constenla, S.A.*, 669 F.3d 493, 496 (5th Cir. 2012)). "In making its determination, the district court may consider the contents of the record before the court at the time of the motion, including affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Quick Techs., Inc. v.*

*Sage Grp. PLC*, 313 F.3d 338, 344 (5th Cir. 2002) (citation and internal quotation marks omitted). Additionally, "the court must accept as true all uncontroverted allegations in the complaint and resolve any factual disputes in favor of the plaintiff." *ITL Int'l*, 669 F.3d at 496; *see also Ruston Gas Turbines, Inc., v. Donaldson Co., Inc.*, 9 F.3d 415, 418 (5th Cir. 1993) ("When alleged jurisdictional facts are disputed, we must resolve all conflicts in favor of the party seeking to invoke the court's jurisdiction."). Nevertheless, this standard "does not require the court to credit conclusory allegations, even if uncontroverted." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) (per curiam) (citations omitted).

"A federal district court sitting in diversity may exercise personal jurisdiction over a foreign defendant if (1) the long-arm statute of the forum state creates personal jurisdiction over the defendant; and (2) the exercise of personal jurisdiction is consistent with the due process guarantees of the United States Constitution." *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010) (citing *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999)). Because "Texas's long-arm statute extends to the limits of federal due process, these two steps conflate." *Latshaw*, 167 F.3d at 211 (footnotes omitted).

"The Due Process Clause of the Fourteenth Amendment permits a court to exercise personal jurisdiction over a foreign defendant when (1) that defendant has purposely availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice." *Clemens*, 615 F.3d at 378 (citation omitted). Under the first prong, "[t]here are two types of minimum contacts: contacts that give rise to specific jurisdiction and those that give rise to general jurisdiction." *Id.* For general jurisdiction, a plaintiff must establish that the defendant's contacts with the forum state are "so 'continuous and systematic' as to render them essentially at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011).

On the other hand, "specific personal jurisdiction is a claim-specific inquiry." *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009). "Specific jurisdiction exists when 'the defendant purposely directed his activities at residents of the forum . . . and the litigation results from alleged injuries that arise out of or relate to those activities.'" *Clemens*, 615 F.3d at 378 (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 472 (1985)). Further, "[t]he non-resident's purposely directed activities in the forum must be such that he could reasonably anticipate being haled into court in the forum state." *Id.* (citing *Burger King*, 471 U.S. at 474).

## III.  ANALYSIS

Plaintiffs have not met their burden to establish a prima facie case of personal jurisdiction over Suomy Moto Sport on this record. Two paragraphs of Plaintiffs' amended petition potentially bear on the personal-jurisdiction question at issue.

First, Plaintiffs allege that Suomy Moto Sport has "engaged in intentional, continuous, and systematic contact with the State of Texas." Pls.' 1st Am. Pet. ¶¶ 2.1. These general allegations state the ultimate legal conclusion. *See id.* Consequently, they do not suffice to show a prima facie case for either general or specific personal jurisdiction. *See Panda Brandywine Corp.*, 253 F.3d at 869; *Paternostro v. Dow Furnace Co.*, 848 F. Supp. 706, 709 (S.D. Miss. Mar. 18, 1994) ("These bald allegations without more are insufficient to overcome a Rule 12(b)(2) motion.").

Second, Plaintiffs plead that Suomy Moto Sport "was in the business of marketing, distributing, and/or selling helmets, including helmets such as the Suomy Airtrix, and did market, distribute, sell, and/or place into the stream of commerce the subject Suomy Airtrix helmet." Pls.' 1st Am. Pet. ¶ 5.1. Assuming arguendo that this allegation is not also conclusory, Irawan's affidavit contradicts it for the reasons given in the next paragraph. *See* Dkt. No. 28-1 ¶¶ 4–6. Plaintiffs waived their opportunity to challenge Suomy Moto Sport's motion to dismiss for lack of personal jurisdiction and Irawan's affidavit by failing to respond to them.

*See* S.D. Tex. Civ. R. 7.4 ("Failure to respond will be taken as a representation of no opposition."). As a result, this Court need not accept the allegations in Plaintiffs' amended petition controverted by Suomy Moto Sport as true here, even though Plaintiffs need to make out only a prima facie case. *Black v. Acme Mkts., Inc.*, 564 F.2d 681, 683 n.3 (5th Cir. 1977) ("In ruling on a motion to dismiss for lack of personal jurisdiction, the allegations of the complaint, except insofar as controverted by the defendant's affidavit, must be taken as true."); *Bailey v. Stanford*, No. 3:11-CV-00040-NBB-SSA, 2012 WL 569020, at *3 (N.D. Miss. Feb. 21, 2012); *see also Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) ("[O]n a motion to dismiss for lack of jurisdiction, uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a prima facie case for personal jurisdiction exists.'" (quoting *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990)).

In view of Irawan's unchallenged affidavit, the record does not allow this Court to assert specific jurisdiction over Suomy Moto Sport. Irawan's affidavit states that Suomy Moto Sport was formed in 2013 and that it did not manufacture the helmet allegedly involved in Barrera's auto accident. Dkt. No. 28-1 ¶ 4. Instead, according to Irawan, only Suomy S.p.A., also a defendant in this case, manufactured Suomy-branded motorcycle helmets at the time of the accident. *Id.* These statements specifically controvert Plaintiffs' pleading that Suomy Moto Sport manufactured the helmet Barrera allegedly wore or otherwise launched it into the stream of commerce. *See, e.g., Jackson v. Tanfoglio Giuseppe, S.R.L.*, 615 F.3d 579, 586 (5th Cir. 2010) (holding Louisiana court had no specific jurisdiction over Italian company alleged to have manufactured pistol because evidence showed that company began manufacturing pistols after the pistol that injured the plaintiff was produced). Irawan also explains that Suomy Moto Sport purchased Suomy S.p.A.'s motorcycle-helmet business in October 2013, but "Suomy S.p.A. retained responsibility for all liabilities or obligations arising out of its business activities that were not transferred," including the potential liabilities arising from this case.

Dkt. No. 28-1 ¶ 5. Based on this representation and the absence of contrary evidence in the record, the Court finds that Plaintiffs have demonstrated no reason to impute Suomy S.p.A.'s contacts with Texas to Suomy Moto Sport. *See Jackson*, 615 F.3d at 588 (declining to impute contacts with forum state of Italian corporation that sold assets to defendant Italian corporation because, "[u]nder Italian law, the sale of assets from one entity to another does not automatically make the purchaser a universal successor of the vendor. Rather, the sale is of specific, identifiable set of goods.").

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiffs have not carried their burden to make out a prima facie case that this Court has personal jurisdiction over Suomy Moto Sport. Accordingly, the Court **GRANTS** Suomy Moto Sport's motion to dismiss for lack of personal jurisdiction, Dkt. No. 28, and **DENIES** the motion it amends, Dkt. No. 27, **AS MOOT**. The Court dismisses Plaintiffs' claims against it without prejudice for lack of personal jurisdiction.

It is so ORDERED.

SIGNED this 13th day of July, 2015.

Hilda Tagle
Senior United States District Judge