Case 2:14-cv-00455   Document 56   Filed in TXSD on 10/30/15   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
October 30, 2015
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| DIANA ACOSTA *et al.*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL NO. 2:14-CV-455 |
| § | |
| SUOMY S.R.L. *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

This negligence and products-liability action arises out of a motorcycle accident that allegedly occurred in Nueces County, Texas on October 24, 2012. Pls.' 1st Am. Orig. Pet. ¶¶ 4.1–4.2, Dkt. No. 1 Ex. 17. Plaintiffs claim that defects in a Suomy Airtrix motorcycle helmet worn by decedent Brian Barrera "were a producing cause of [his] injuries and death." *Id.* ¶ 4.6. The Court has before it Defendant Romaha Importers & Distributors, Inc.'s ("Romaha")[1] motion for summary judgment filed September 1, 2015. Dkt. No. 49, and Plaintiffs' motion to continue a ruling on that motion under Federal Rule of Civil Procedure 56(d), Dkt. No. 51.

### I. Background

Plaintiffs named ten defendants in their First Amended Original Petition. Pls.' 1st Am. Orig. Pet. ¶¶ 3.3–3.12. In that pleading, Plaintiffs assert that Defendants designed, marketed, manufactured, distributed, sold, and placed Suomy Airtrix helmets into the stream of commerce. *Id.* ¶¶5.1–5.2.

This Court entered a scheduling order on May 4, 2015. Dkt. No. 44. Among other deadlines set in that order, discovery must be completed by June 15, 2016,

---

[1] The parties section of Plaintiffs' petition and Defendant Romaha's motion for summary judgment states Defendant's name as "Romaha." Pls.' 1st Am. Orig. Pet. ¶ 3.8; Dkt. No. 49 at 1. However the docket sheet and the captions of Plaintiff's petition and Romaha's motion states Defendant's name as "Rohama."

and expert witnesses must be designated by March 8, 2016.  *Id.* at 1 (setting stated deadline as last deadline for party that does not have burden of proof on claim or defense to designate experts).  Hence, over eight months remain in the discovery period.  *See id.*

In its motion for summary judgment, Romaha contends that it never imported, marketed, or distributed Airtrix motorcycle helmets.  Dkt. No. 49 at 2.  It relies on the affidavit of Mark Levin ("Levin"), its President since 1978, to support its factual contentions.  Dkt. No. 49 Ex. A ¶ 1.  Based on his review of photographs of packaging material of the helmet allegedly worn by Barrera, Levin opines that Suomy S.p.A. manufactured the helmet in 2006.  *Id.* ¶ 4.  Levin further states that he searched Romaha's records and found that it did not import, market, distribute, or sell any Suomy Aritrix helmets on or after January 1, 2005.  *Id.* ¶ 5.

## II. Legal Standard

Federal Rule of Civil Procedure 56(d) allows a nonmovant to stave off summary judgment by "show[ing] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."  Fed. R. Civ. P. 56(d) (listing remedies).  Motions under Rule 56(d) "are 'broadly favored and should be liberally granted.'"  *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 700 (5th Cir. 2014) (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)).

To obtain a Rule 56(d) continuance, a movant must show "1) why the movant needs additional discovery and 2) how the additional discovery will likely create a genuine issue of material fact."  *Stearns Airport Equip. Co. Inc. v. FMC Corp.*, 170 F.3d 518, 534–35 (5th Cir. 1999).  This standard requires the party seeking a continuance "to demonstrate how postponement and additional discovery will allow him to defeat summary judgment; it is not enough to 'rely on vague assertions that discovery will produce needed, but unspecified, facts.'"  *Id.* at 535 (quoting *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990); *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 720 (5th Cir. 1999).  Put

another way, "[t]he Rule 56(d) movant 'must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.' " *McKay*, 751 F.3d at 700 (quoting *Raby*, 600 F.3d at 561).

### III.  Analysis

The Court finds Plaintiffs' Rule 56(d) motion, which must be deemed unopposed, to be well taken. As to Romaha's nonopposition, Plaintiffs filed their motion to continue on September 22, 2015. Dkt. No. 51. Local Rule 7.3 and 7.4(A) of this Court together gave Romaha 21 days to file a response, and Local Rule 7.4 provides that "[f]ailure to respond will be taken as a representation of no opposition." As a result, Romaha has represented that it is unopposed to Plaintiffs' motion to continue, and the Court treats the facts asserted in that motion as uncontroverted, Dkt. No. 51. *See, e.g., Contreras v. Coastal Bend Coll. Dist.*, No. C-08-40, 2008 WL 4966909, at *2 (S.D. Tex. Nov. 19, 2008) (citation omitted) (relying on Local Rule 7.4 at summary judgment to rule that "[b]ecause of Plaintiff's failure to respond, the Court accepts the evidence submitted by the Defendant as uncontroverted").

Texas's strict-liability law applies to a supplier that places a product into the stream of commerce. *Oser v. Wal-Mart Stores, Inc.*, 951 F. Supp. 115, 119 (S.D. Tex. 1996) ("[A supplier's] liability is not rested upon what he knew or should have known when he manufactured or sold the product; it rests on his placing into the stream of commerce a product which is demonstrated at trial to have been dangerous." (quoting *Gen. Motors Corp. v. R.M. Hopkins*, 548 S.W.2d 344, 351 (Tex. 1977)) (alteration in original, other citation omitted)); *see also* Tex. Civ. Prac. & Rem. Code § 82.001(3) (West 2015) (defining seller as a "person who is engaged in the business of distributing or otherwise placing, for any commercial purpose, in the stream of commerce for use or consumption a product or any component part thereof"); *but see* § 82.003 (limiting circumstances in which a seller that did not

manufacture product can be held liable to a claimant in a products liability action). In his affidavit in support of Plaintiffs' motion to continue, David T. Bright ("Bright"), one of Plaintiffs' attorneys, states that Plaintiffs have propounded a round of written discovery to all defendants, and Romaha responded with 122 objections. Dkt. No. 51 Ex. A at 2. Bright attempted to confer with Romaha's attorney-in-charge by correspondence dated August 31, 2015, but, according to Bright's affidavit, Romaha has declined to withdraw its objections. *Id*. Furthermore, Bright avers that a first round of depositions was scheduled for September 9, 2015, but it was cancelled at the request of Defendant Suomy S.p.A. *Id*. Plaintiffs seek additional time to conduct a Federal Rule of Civil Procedure 30(b)(6) deposition of Romaha's corporate representative. *Id*. Finally, Bright points to two undated web pages facially relating to the automobile industry describing Romaha and Defendant Van Leeuwen Enterprises as Suomy S.p.A.'s distribution partners in the United States. *See* Dkt. No. 51 Ex. 1 at 1—2.

Based on Bright's statements and the accompanying exhibit, the Court finds that the discovery Plaintiffs seek to conduct would create a genuine fact issue if it supports their factual theory that Romaha placed the helmet worn by Barrera into the stream of commerce. The Court further finds that it is reasonable to infer that discovery will result in the collection of evidence relevant to those facts in a reasonable timeframe given that Plaintiffs have already propounded written discovery that is calculated to lead to evidence relevant to the dispositive issue; the identification of Levin as a witness with claimed knowledge of Romaha's relationship with Suomy S.p.A. and the two companies' dealings, *see* Levin Aff. ¶ 1; and the exhibit attached to Bright's affidavit.[2] *See Raby*, 600 F.3d at 561) (requiring Rule 56(d) movant to "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist" (quoting *C.B. Trucking, Inc. v. Waste Mgmt. Inc.*, 137 F.3d 41, 44 (1st Cir.1998))); *Culwell v. City of Fort Worth*, 468 F.3d 868, 872–73 (5th Cir. 2006)

---

[2] The Court implies no view on whether those documents or Levin's affidavit individually or together suffice to preclude summary judgment.

(holding district court should have granted Rule 56(d) motion where factual theory to which additional discovery was relevant would create fact issue and relevant documents were likely to be in defendant's sole possession).

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Rule 56(d) motion, Dkt. No. 51, and **DENIES** Romaha's motion for summary judgment, Dkt. No. 49, **WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 56(d)(1).

It is so ORDERED.

SIGNED this 30th day of October, 2015.

_____
Hilda Tagle
Senior United States District Judge