Case 2:14-cv-00455   Document 85   Filed in TXSD on 08/18/16   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
August 18, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **DIANA ACOSTA, et al.,** | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | **CIVIL NO. 2:14-CV-455** |
| | § | |
| **LEMANS CORPORATION, et al.,** | § | |
| | § | |
| Defendants. | § | |

## ORDER

Under the scheduling order, as amended, the deadline to complete discovery in this case fell on June 15, 2016, and docket call and final pretrial conference is set for October 20, 2016. Dkt. No. 44 at 1. Among the pending motions in this case, Defendant Van Leeuwen Enterprises, Inc. ("Van Leeuwen") has filed a motion for summary judgment, Dkt. No. 75, which has been submitted for decision. *See* S.D. Tex. Civ. R. 7.4, Dkt. No. 78.

On August 10, 2016, Plaintiff and Van Leeuwen filed their Motion To Extend Discovery, Joint Pretrial Order, and Final Pretrial Deadlines, Dkt. No. 84. The parties represent that they "need additional time to conduct discovery including some additional fact witness depositions." Dkt. No. 84 ¶ 5. They request that the Court extend the discovery deadline and subsequent scheduling-order dates "to allow for the necessary discovery pending the Court's ruling on the Motion for Summary Judgment." Dkt. No. 84 ¶ 6. The Court cannot determine from this representation and request whether the parties believe the additional discovery they propose to conduct will affect the pending motion for summary judgment. *See* Dkt. No. 84 ¶¶ 4–6; *see also* Fed. R. Civ. P. 56(d)(2) (authorizing court to defer consideration of summary-judgment motion if "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition"). Further, the instant motion does not address, in form or substance, the Federal Rule of Civil Procedure 16(b)(4) standard for modifying a scheduling

order or explain why the discovery deadline could not be met despite movants' diligence. *See, e.g., Squyres v. Heico Cos.*, 782 F.3d 224, 237 (5th Cir. 2015) (quoting *Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010)) (alterations in original) (holding that, to establish good cause to modify a deadline set by a scheduling order, a party must "show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension").

For these reasons, the Court **DENIES** Plaintiff and Van Leeuwen's Motion To Extend Discovery, Joint Pretrial Order, and Final Pretrial Deadlines, Dkt. No. 84, **WITHOUT PREJUDICE** to refiling, provided that movants address the Rule 16(b)(4) and 56 standards, if applicable.

It is so **ORDERED**.

SIGNED this 18th day of August, 2016.

_____
Hilda G. Tagle
Senior United States District Judge